LOLLEY, J.
|! Danny Ray Bradham, Sr., pled guilty to one count of attempted creation of a clandestine lab, in violation of La. R.S. 40:988 and La. R.S. 14:27, and was sentenced to four years at hard labor. Brad-ham now appeals. We affirm his conviction and sentence.
FACTS
On October 18, 2010, Bradham was arrested by an officer of the Bossier City Police Department after a traffic stop, during which, the officer noticed items used for the production of methamphetamines in the backseat of Bradham’s vehicle. Bradham filed a pro se motion for speedy trial on October 27, 2010. On December 13, 2010, Bradham was charged by bill of information with one count of creation of a clandestine lab in violation of La. R.S. 40:983, driving without a license in violation of La. R.S. 14:98.3, and driving with altered or temporary tags in violation of La. R.S. 32:51.
On May 9, 2011, as a result of a plea agreement, Bradham ultimately pled guilty to one count of attempted creation of a clandestine lab in violation of La. R.S. 40:983 and La. R.S. 14:27. In exchange for Bradham’s guilty plea, Bradham was not charged as a multi-offender. Additionally, the two misdemeanor charges against Bradham were dismissed. The trial judge heard testimony from the arresting officer prior to sentencing Bradham to four years at hard labor. Bradham appealed his conviction and sentence.
Bradham’s appellate counsel has filed an Anders brief, which alleges no non-frivolous issues to raise on appeal and seeks the withdrawal of counsel. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 2242, writ denied, 1999-3018 (La.03/31/00), 759 So.2d 69; State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990). The brief outlines the procedural history and facts of the case set forth by the state. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. The state filed a letter with this Court agreeing that there are no non-frivolous issues to raise on appeal. Defense counsel has verified *202 the mailing of copies of his notice to withdraw and brief to the defendant in accordance with Anders, Jyles, Mouton, and Benjamin, supra.
Despite the assertion by Bradham’s appeal counsel that there are no appealable issues, Bradham has filed a pro se brief raising the following issues as error.
DISCUSSION

Motion for Speedy Trial

On appeal, Bradham contends that the trial court erred by failing to grant his motion for speedy trial and by failing to hold a contradictory hearing pursuant to La. C. Cr. P. art. 701(F), which states that a motion for speedy trial unaccompanied by a verified affidavit from defense counsel shall be set for contradictory hearing within 30 days. We disagree.
Generally, a valid, unqualified plea of guilty waives the defendant’s right to appeal all nonjurisdictional defects prior to the proceeding. State v. Crosby, 338 So.2d 584 (La.1976). The record clearly indicates that Bradham: was advised of his rights by the trial court; waived his rights | (¡knowingly and voluntarily; and, pled guilty without reserving his right to appeal pursuant to Crosby, supra. Nonetheless, even addressing the issue, a review of the record indicates that Bradham’s argument is without merit.
It is well settled that there are two separate and distinct bases for a defendant’s right to a speedy trial: a statutory right granted by La. C. Cr. P. art. 701 and a constitutional right embodied in the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Louisiana Constitution of 1974. The two are not equivalent. State v. Logan, 45,136 (La.App.2d Cir.04/14/10), 34 So.3d 528, writ denied, 2010-1099 (La.11/05/10), 50 So.3d 812; State v. Price, 96-680 (La.App.5th Cir.02/25/97), 690 So.2d 191.
Louisiana C. Cr. P. art. 701 provides that the sole remedy for failure to commence trial within the mandated time period is pretrial release without bail. Once a defendant has been convicted, any allegation that La. C. Cr. P. art. 701 has been violated becomes moot. State v. Mack, 37,174 (La.App.2d Cir.06/27/03), 850 So.2d 1035, writ denied, 2003-2122 (La.01/16/04), 864 So.2d 628; State v. Johnson, 2008-1156 (La.App.5th Cir.04/28/09), 9 So.3d 1084, writ denied, 2009-1394 (La.02/26/10), 28 So.3d 268.
The constitutional right to a speedy trial is fundamental and is guaranteed to an accused. U.S. Const, amends. VI and XIV; La. Const. Art. I, § 16; Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Jordan, 35,643 (La.App.2d Cir.04/03/02), 813 So.2d 1123, writ denied, 2002-1570 (La.05/30/03), 845 So.2d 1067. The right attaches when an individual becomes an accused, either by formal | ^indictment or bill of information or arrest and actual restraint. State v. Bodley, 394 So.2d 584 (La.1981); State v. Jordan, supra. Louisiana has adopted the four factors used in Barker v. Wingo, supra, to assess whether a defendant’s speedy trial right has been violated. These factors include: (1) length of delay, (2) the reason for the delay, (3) the defendant’s assertion of his right, (4) and prejudice to the defendant. Id.; State v. James, 394 So.2d 1197 (La.1981); State v. Jordan, supra; State v. Johnston, 480 So.2d 823 (La.App. 2d Cir.1985).
Applying the four factors mentioned above, review of the record does not indicate a violation of Bradham’s right to a speedy trial. A delay of six months and three weeks does not appear unreasonable considering the gravity of the offense charged. Furthermore, there is no indica *203 tion that any delay between the date of Bradham’s arrest and the date of his trial was the result of anything other than what the trial court’s docket and calendar permitted. The record does not indicate a bad faith effort on the part of the prosecutor. Although the defendant asserted his right to a speedy trial on October 27, 2010, he has not alleged that the delay between his arrest and his conviction had prejudiced his ability to prepare a defense. For these reasons, we find that Bradham’s argument on this issue is without merit.

Ineffective Assistance of Counsel

Bradham also contends that he was denied his constitutional right to effective assistance of counsel. Specifically, Brad-ham argues that his attorney’s failure to file an affidavit in support of Bradham’s motion for speedy trial fell outside the range of professionally competent assistance. |sLa. C. Cr. P. art. 701(D) states in pertinent part, “A motion by the defendant for a speedy trial, in order to be valid, must be accompanied by an affidavit by defendant’s counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article.”
Ineffective assistance of counsel claims are generally reserved for post-conviction proceedings as opposed to direct appeal. State v. Edwards, 44,552 (La.App. Cir.2d 08/19/09), 17 So.3d 1037. However, where the record contains evidence sufficient to decide the issue, and the issue is raised by an assignment of error, the issue may be considered on appeal in the interest of judicial economy. Id.; State v. Leger, 2005-0011 (La.07/10/06), 936 So.2d 108, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007).
A review of the record shows that Brad-ham’s contention is without merit. Brad-ham’s speedy trial motion was filed one month before the filing of the bill of information and more than two months before discovery was satisfied. A certification by Bradham’s counsel that he was prepared for trial would have been disingenuous and unethical at the time Bradham filed his pro se motion for speedy trial. We find this argument is also without merit.
Finally, an error patent review has been conducted and no error has been found.
^CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and the conviction and sentence of Danny Ray Bradham, Sr., are affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, MOORE and LOLLEY, JJ.
Rehearing denied.