GARRETT, J.
Following his conviction for conspiracy to distribute methamphetamine, the defendant, Raymond Casaday, was adjudicated a fourth felony habitual offender and sentenced to 30 years at hard labor. He now appeals his sentence as excessive. We affirm the defendant's conviction, adjudication, and sentence.
FACTS
This is the third time the defendant has been before this court for matters arising from his 2013 conviction for conspiracy to distribute methamphetamine, a Schedule II controlled dangerous substance ("CDS").
In November 2009, the Bienville Parish Sheriff's Office arranged for an undercover agent to buy an eight-ball (3½ grams) of methamphetamine from Tenia Kelley in Jamestown, Louisiana. The agent gave her $300 and she drove off. Deputies observed her vehicle at the defendant's house, which was about a mile away. Kelley returned several hours later and gave the undercover agent a plastic bag containing methamphetamine. Kelley, who pled guilty to distribution of methamphetamine, testified at the defendant's trial that she had carried the money to his house and that he actually procured the drugs that she delivered to the undercover agent. The defendant was charged with conspiracy to distribute methamphetamine, convicted by a jury in February 2013, and sentenced to 15 years at hard labor. This court affirmed his conviction and sentence. State v. Casaday , 49,679 (La. App. 2 Cir. 2/27/15), 162 So.3d 578, writ denied , 15-0607 (La. 2/5/16), 186 So.3d 1162.
The state filed a habitual offender bill of information alleging that the defendant was a fourth felony offender. The predicate convictions were alleged to be as follows:
*1059 (1) February 22, 1985-guilty plea to burglary of a habitation, in 13th Judicial District Court, Navarro County, Texas, for which he received a sentence of six years;
(2) February 26, 1986-guilty plea to theft of an automobile, in 10th Judicial District Court, Natchitoches Parish, La., for which he received a sentence of six years; and
(3) October 24, 1991-guilty pleas to attempted capital murder, burglary of a motor vehicle, and burglary of a building, in 2nd 9th Judicial District Court, Trinity County, Texas, for which he received sentences, respectively, of 35 years, 10 years, and 15 years.[1]
The defendant moved to quash the habitual offender bill. He asserted various deficiencies, including the state's failure to prove the cleansing period under La. R.S. 15:529.1(C).[2] At a hearing on April 19, 2016, the trial court ruled that the defendant was a habitual offender and instructed the attorneys to brief issues pertaining to the degree of offender and their sentencing recommendations. On August 8, 2016, the trial court issued written reasons for judgment in which it found that the defendant was a sixth felony offender (counting the three 1991 convictions separately), that none of the predicates had expired for time limitations, and that the defendant was represented by legal counsel at each predicate plea. The trial court also stated that the sentence range was 30 years to life, vacated the prior sentence, and sentenced the defendant to 30 years under the habitual offender law. However, at a sentencing hearing on August 10, 2016, the trial court found that the defendant was a fourth felony offender because three of his convictions occurred on the same date and that the appropriate sentencing range was 20 years to life. It again vacated the prior sentence of 15 years and sentenced the defendant to 30 years with credit for time served. The defendant appealed his adjudication and sentence. Finding merit to the defendant's claim that the state failed to prove the date of discharge on his 1991 convictions, this court vacated his adjudication as a fourth felony offender and remanded the matter for further proceedings. Consequently, the defendant's excessive sentence claim was pretermitted. State v. Casaday , 51,330 (La. App. 2 Cir. 5/17/17), 223 So.3d 108.
On remand, the trial court conducted another hearing on the habitual offender bill. The entire record from the April 19, 2016 habitual offender hearing and the August 10, 2016 sentencing hearing were admitted. The state presented the testimony of a probation/parole agent, who said *1060 that he began supervising the defendant in 2008, after he was released on parole from a Texas prison and requested to live in Louisiana. The agent established that the defendant's discharge date from the 1991 convictions would be August 11, 2026. Thereafter, the trial court sentenced the defendant to 30 years at hard labor under the habitual offender law. The trial court also issued written reasons for judgment reaffirming the defendant's adjudication as a fourth felony offender and the imposition of the 30-year hard labor sentence. The defendant now appeals his sentence as excessive.
LAW
When a defendant fails to timely file a motion to reconsider sentence under La. C. Cr. P. art. 881.1, the appellate court's review is limited to a bare claim of constitutional excessiveness. State v. Casaday , 162 So.3d at 594, citing State v. Mims , 619 So.2d 1059 (La. 1993).
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato , 603 So.2d 739 (La. 1992) ; State v. Davis , 50,149 (La. App. 2 Cir. 11/18/15), 181 So.3d 200 ; State v. Scott , 50,920 (La. App. 2 Cir. 11/16/16), 209 So.3d 248, writ denied , 17-0353 (La. 11/13/17), 229 So.3d 478.
A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver , 01-0467 (La. 1/15/02), 805 So.2d 166 ; State v. Scott, supra .
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Diaz , 46,750 (La. App. 2 Cir. 12/14/11), 81 So.3d 228 ; State v. Scott, supra.
La. R.S. 40:967(B)(1) provided that anyone found guilty of possession of methamphetamine with the intent to distribute shall be sentenced to imprisonment at hard labor for 2 to 30 years, and may, in addition, be sentenced to pay a fine of not more than $50,000.00.[3] The maximum sentence range for conspiracy offenses that are not punishable by death or life imprisonment is one-half of the maximum for the contemplated offense. La. R.S. 14:26. A fourth or subsequent felony habitual offender shall be sentenced to imprisonment "for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." La. R.S. 15:529.1(A)(4)(a).[4]
DISCUSSION
No motion for reconsideration of sentence was filed in the instant case. Consequently, *1061 our review is limited to a bare claim of constitutional excessiveness.
The defendant was convicted of conspiracy to distribute methamphetamine, a Schedule II CDS. The offense occurred in 2009 in the defendant's home, wherein teenage children were present. The defendant, who was born in 1965, had a significant criminal record, which included six felony convictions. During his criminal career, which spanned approximately 25 years, he had several convictions for burglaries and theft. Additionally, the record demonstrates that he pled guilty to attempted capital murder in 1991, after he tried to run over a police officer with an automobile. After being released from a Texas prison and moving to Louisiana in 2008, the defendant soon resumed his criminal activity, resulting in his conviction in this case.
The defendant's lower range sentence of 30 years is not grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. Nor is it shocking to our sense of justice. Accordingly, this assignment of error lacks merit.
ERROR PATENT
The trial court failed to order that the defendant's sentence as a multiple offender be served without benefit of probation or suspension of sentence, as required by La. R.S. 15:529.1(G). However, this error does not require corrective action, because the "without-benefits" provisions of the statutes are self-activating. La. R.S. 15:301.1(A) and (C) ; State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790 ; State v. Mandigo , 48,801 (La. App. 2 Cir. 2/26/14), 136 So.3d 292, writ denied , 14-0630 (La. 10/24/14), 151 So.3d 600.
CONCLUSION
The defendant's conviction, adjudication, and sentence as a habitual offender are affirmed.
AFFIRMED.

Pursuant to La. R.S. 15:529.1(B), these three convictions entered on the same date counted as one conviction for purposes of habitual offender sentencing. That provision provides that "[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." State v. LeBlanc , 14-0163 (La. 1/9/15), 156 So.3d 1168.

La. R.S. 15:529.1(C) provided that the habitual offender statute was inapplicable in cases where more than 10 years had elapsed since the expiration of a defendant's maximum sentence for a prior conviction and the commission of the defendant's last felony. This is known as the "cleansing period" and it begins to run from the date a defendant is actually discharged from state custody and supervision. State v. Bailey , 49,362 (La. App. 2 Cir. 11/19/14), 152 So.3d 1056, writ denied , 14-2645 (La. 10/2/15), 178 So.3d 988, cert. denied , --- U.S. ----, 136 S.Ct. 1204, 194 L.Ed. 2d 210 (2016).
However, La. R.S. 15:529.1(C) was amended by Acts 2017, No. 257, § 1, and Acts 2017, No. 282, § 1. The amendments became effective November 1, 2017, and have prospective application only to offenders whose convictions became final on or after November 1, 2017.

This provision was amended by Acts 2017, No. 281, § 2, effective August 1, 2017, to change the penalty provisions for offenses related to Schedule II drugs. The amendment has no effect on this appeal, as a defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. State v. LeBlanc , supra ; State v. Sugasti , 01-3407 (La. 6/21/02), 820 So.2d 518 ; State v. Sanderson , 49,957 (La. App. 2 Cir. 7/22/15), 174 So.3d 149 ; State v. Modisette , 50,846 (La. App. 2 Cir. 9/28/16), 207 So.3d 1108.

Prior to 2010, this provision was designated La. R.S. 15:529.1(A)(c)(i).