Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,477-KA
No. 55,478-KA
No. 55,479-KA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                  Appellee

versus

JAMAR DEWAYNE TROTTER                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court Nos. 379904, 379940, 382341

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

THE HARVILLE LAW FIRM, LLC            Counsel for Appellant
By: Douglas Lee Harville


JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
JASON W. WALTMAN
ALEX. L. PORUBSKY
VICTORIA T. WASHINGTON
Assistant District Attorneys

* * * * *

Before PITMAN, THOMPSON, and ELLENDER, JJ.

**THOMPSON, J.**

Jamar Dewayne Trotter used a handgun to rob a delivery truck driver of a liquor distributor in Shreveport, Louisiana. Two eyewitnesses to the robbery, including the delivery truck driver, identified Trotter from a photo lineup; and, at trial, he was found guilty of armed robbery by a unanimous jury. Although the defendant was a fourth felony offender and the crime of armed robbery carries a sentence range of 10-99 years, Trotter was sentenced to 45 years at hard labor, without benefit of probation, parole, or suspension of sentence. On Trotter's first appeal, this court remanded the case to the trial court for resentencing to adequately consider on the record all mitigating and aggravating factors contained in La. C. Cr. P. art. 894.1. On remand, the trial court detailed its considerations in fashioning its sentence and again sentenced Trotter to 45 years at hard labor, without benefit of probation, parole, or suspension of sentence. Trotter now appeals his sentence a second time, claiming the trial court again failed to adequately consider the mitigating factors contained in La. C. Cr. P. art. 894.1 and that his sentence is constitutionally excessive. For the following reasons, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

On October 22, 2020, Jamar Dewayne Trotter threatened a delivery driver with a gun while his accomplice took a case of liquor from the driver's delivery truck in Shreveport, Louisiana. During the robbery, the delivery truck driver and Trotter's accomplice were each pulling the case of alcohol back and forth. Trotter emerged from the passenger side of a vehicle, climbed onto the back of the vehicle, and pointed a handgun at the delivery truck driver. Trotter instructed the driver to let go of the case of

liquor, a command the driver complied with at gunpoint, and then the two robbers fled the scene with the goods. The delivery truck driver was able to provide police with a description of both suspects. Though initially unable to identify him from a photo line-up shown at his home, the delivery driver was later able to identify Trotter in a photo line-up as the armed man who robbed him. A second eyewitness also picked Trotter out of a six-person line-up and identified him as the armed robber.

On April 15, 2021, Trotter was charged by bill of information with two counts: armed robbery, in violation of La. R.S. 14:64, and the use of a firearm enhancement. Following trial on April 19-20, 2021, a unanimous 12-person jury found Trotter guilty of armed robbery. At the conclusion of the two-day trial, an amended bill of information was submitted, dropping the firearm enhancement charge. On May 19, 2021, the trial court sentenced Trotter, who had four prior felony convictions, to 45 years at hard labor without benefit of probation, parole, or suspension of sentence. He appealed, alleging that the trial court erred by imposing an excessive sentence.

On June 29, 2022, Trotter's first appeal appeared before this court. *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. In that opinion this court vacated the 45-year sentence and remanded it for resentencing, finding that the record did not show that the sentencing court adequately considered the guidelines of La. C. Cr. P. art. 894.1. This court at that time noted that the trial court did not refer to any specific aggravating or mitigating circumstances listed in Article 894.1, nor did it discuss Trotter's background, personal life, education, employment, family, or other relevant acts. The trial court ended the sentencing proceedings by stating:

2

"And just for the record, on Mr. Trotter, I considered the factors in Code of Criminal Procedure Articles 893 and 894 in arriving at a just sentence." This court determined that the statement by the trial court merely reflected a superficial consideration of the factors. This court noted that this was largely due to the fact that there was no Presentence Investigation Report ("PSI"), which could have greatly assisted the trial court in sentencing. This court remanded the matter to the trial court for resentencing.

On remand, the trial court did not order a PSI. Trotter's attorney did not request a PSI, submit a sentencing memorandum, or submit any post-appeal sentencing memorandum. However, the State submitted a thorough sentencing memorandum with details about Trotter's extensive criminal history.

On September 7, 2022, the trial judge resentenced Trotter, again to 45 years at hard labor without benefit of probation, parole, or suspension of sentence. Before resentencing Trotter, the trial court stated:

> The court is required to consider Article 894.1(A), paragraphs one, two, and three.
>
> I find one, two, and three to be applicable in this case. There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
>
> The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
>
> And a lesser sentence will deprecate the seriousness of the defendant's crime.
>
> The court has considered all of the factors enumerated in Code of Criminal Procedure article 894.1(B), both mitigating and aggravating circumstances, in determining what sentence to impose. The court specifically finds the following aggravating and mitigating circumstances to apply. Aggravating circumstances: (1) the offender knowingly created a risk of death or great bodily harm to more than one person; (2) the

3

offender used threats of or actual violence in the commissions of the offense; (3) the offender used a dangerous weapon in the commission of the offense; (4) the offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has as an element the use, attempted use, or threatened use of physical force against the person or property of another which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense; and (5) the offender has four prior felony convictions […]. Mr. Trotter is a recidivist.

There are no mitigating factors the court could find.

At the conclusion of sentencing, counsel for Trotter stated: "Please note our objection for the record." Trotter did not file a motion to reconsider sentence. Trotter now appeals.

## DISCUSSION

Trotter asserts two assignments of error, arguing the trial court failed to adequately consider the mitigating factors contained in La. C. Cr. P. art. 894.1 and that his sentence is constitutionally excessive.

**Assignment of Error No. 1**: **This Court remanded this matter so the record on appeal could be expanded so this court would have an adequate basis to review Trotter's sentence. On remand, the trial court and Trotter's attorney failed to consider or to develop any mitigating factors. Accordingly, should this Court again vacate Trotter's sentence and again remand this matter so a sufficient record on appeal can be developed for this Court's review?**

Trotter notes that in the opinion from his first appeal, this court specifically stated the trial court did not consider any personal information about him, including his personal life, family, education, employment background, or any other possible mitigating or aggravating factors. Trotter argues that a PSI would have greatly aided the court in sentencing. Trotter asserts that the only information known about him for purposes of sentencing is his age and his prior felony convictions. As noted above, the trial court did not order a PSI, and Trotter's trial counsel did not request the

4

PSI or submit a sentencing memorandum or motion to reconsider sentence on his behalf. Trotter argues that the trial court and his trial counsel failed to comply with the purpose of the remand from this court. Trotter asserts that the record on appeal remains inadequate for this court to review the reasonableness of his sentence. We disagree, and find that the trial court, as requested, adequately considered the factors contained in La. C. Cr. P. art. 894.1 during resentencing and detailed those considerations on the record.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749; *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151.

The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Dowles*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *Dowles*, *supra*. The record clearly indicates

5

the trial court took each of these elements into consideration in reaching its final decision on sentencing for Trotter.

A presentence investigation report is an aid to help the court, not a right of the defendant, and the court is not required to order a presentence investigation. La. C. Cr. P. art. 875; *State v. Scott*, 50,920 (La. App. 2 Cir. 11/16/16), 209 So. 3d 248, 253, *writ denied,* 17-0353 (La. 11/13/17), 229 So. 3d 478.

As detailed above, the transcript at sentencing demonstrates that the trial court had command of the record before administering the sentence. Further, the trial court is not required to order a PSI, and Trotter does not have a statutory right to demand one be prepared. The trial court did acknowledge on the record the State's sentencing memorandum filed in the record. The sentencing memorandum provided ample support for the sentence, including his criminal history, which revealed he had numerous prior felony and misdemeanor convictions in Caddo Parish (including criminal mischief, simply burglary, misdemeanor carnal knowledge of a juvenile, simple burglary of an inhabited dwelling, illegal possession of a stolen firearm, and possession of a schedule II CDS). The record shows that the trial court considered this extensive criminal history at sentencing and reviewed La. C. Cr. P. art. 894.1(B) regarding mitigating and aggravating circumstances. Accordingly, Trotter's first assignment of error is without merit.

**Assignment of Error No. 2: Although Trotter was accused of using a firearm in this matter, no shots were fired, the value of the property stolen was relatively small, and nobody was hurt. Moreover, although Trotter had four prior felony convictions, he had no prior felony convictions for crimes involving violence. Accordingly, did the trial court err by sentencing Trotter, who was a 25-year-old, to 45 years of**

**imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.**

Trotter argues that his sentence is excessive given the facts of this case. Trotter attempts to distinguish this case from *State v. Atkins*, 46,613 (La. App. 2 Cir. 9/21/11), 74 So. 3d 238, 239. In *Atkins*, *supra*, the defendant, Atkins, kicked down a door, barged into a home, and demanded money from his victim. Atkins proceeded to beat the victim with the butt of his firearm. Another individual intervened and was also struck by the firearm. An eyewitness observed the altercation, as well as Atkins taking money from one victim's pockets. Atkins was sentenced to 35 years at hard labor without benefits for armed robbery, consecutive with 10 years at hard labor for aggravated burglary. Trotter argues that receiving the same sentence as Atkins in his case is not appropriate because Trotter was not violent during the commission of the offense and did not injure his victim. The delivery driver, looking down the barrel of the gun in Trotter's hand and listening to commands given at gunpoint during a robbery, may disagree with any assertions about the gentle nature of Trotter's actions. Armed robbery is a very serious and dangerous crime. Additionally, Trotter argues that because no PSI was ordered, either before the original sentencing or on resentencing, the trial court was unable to discern whether he deserved a more lenient sentence based on his nonviolent criminal history.

The court must determine whether the sentence is constitutionally excessive. *Id.* Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the

7

purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. *Id.*; *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The penalty for armed robbery is imprisonment at hard labor for not less than 10 years and for not more than 99 years, without benefit of probation, parole, or suspension of sentence. La. R.S. 14:64(B). The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *Dowles*, *supra.* A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Id.* Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Id.*

We find that Trotter's 45-year sentence is not constitutionally excessive, and the trial court did not abuse its discretion in sentencing him to what is a midrange sentence for armed robbery. The trial court correctly noted that Trotter was a recidivist. The trial court stated that it did not find any mitigating factors applied to his case. The State's sentencing memorandum, which was submitted to the trial court, provides, in pertinent part:

> Since his 18th birthday of October 22, 2014, and when the instant offense was committed on October 22, 2020 (notably his 25th birthday), Trotter has spent the entirety of those seven

years either on probation, in jail, or on parole. To date, Trotter has never successfully completed either his probation or parole requirements without being arrested for new criminal offenses, all of which have subsequently resulted in a conviction and dismissal pursuant to a plea agreement.

The record also shows that while Trotter's codefendant actually removed the liquor from the back of the delivery truck, Trotter opted to emerge from the vehicle, participate in the robbery, and seriously escalate the situation by producing a firearm and pointing it at the delivery truck driver. In doing so, Trotter knowingly created risk of great bodily harm or death to the driver, as well as store patrons. As such, we find that the midrange sentence of 45 years at hard labor without benefit of probation, parole, or suspension of sentence is not constitutionally excessive. Trotter's second assignment of error is likewise without merit.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Jamar Dewayne Trotter are affirmed.

**AFFIRMED.**