LOLLEY, J.
liThe defendant, Graylon Jerrell Reynolds, pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, armed robbery, and felony theft over $500.00. The plea agreement included a 12-year sentencing cap. The trial court accepted the pleas and sentenced the defendant accordingly. Reynolds now appeals. His appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the reasons stated herein, the motion to withdraw is granted, and Reynolds’ conviction and sentence are affirmed.
Facts
On January 31, 2011, Reynolds was charged by an amended bill of information with the following: possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1; armed robbery by use of a firearm, in violation of La. R.S. 14:64 and 14:64.3; and, felony theft over $500.00, in violation of La. R.S. 14:67(B)(1). Following multiple pretrial hearings and motions and the selection of a jury for his trial, a plea agreement was reached. Reynolds ultimately appeared before the trial court and pled guilty to possession of a firearm by a convicted felon, armed robbery, and felony theft over $500.00. As part of the agreement, the state agreed to a sentencing cap of 12 years at hard labor and not . to file a habitual offender bill of information.
Specifically, at Reynolds’ guilty’ plea hearing, the state offered evidence of the factual basis for the pleas, and Reynolds admitted that the | ..facts as stated at the plea hearing on the motion to suppress and the preliminary examination were true and correct. The evidence presented at the preliminary examination shows that on May 18, 2010, officers of the Lincoln Parish Narcotics Enforcement Team issued Kenneth Richard, a confidential informant, $500.00 in buy money to purchase an assault rifle and a handgun from Jekevdrick O’Bryan Carter. It was believed the guns had been stolen in recent burglaries. Richard made contact with Carter, who was with the defendant, and arranged to buy the guns from him at a designated location. When Richard arrived at the designated location, he approached Reynolds, who was standing at the rear of a vehicle with the trunk open. Richard saw the guns in the trunk of the car and gave *473 the $500.00 to Reynolds. The defendant then bent over into the trunk as if to retrieve the guns, and instead pulled a handgun out of the waistband of his pants and pointed it at Richard’s head. Richard fled before the transaction was completed.
At the guilty plea hearing, the trial court informed Reynolds of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Reynolds stated that he understood and wished to waive his rights. The defendant was advised of the nature of the charges and the applicable sentencing range for each offense.[1] The trial court accepted the pleas and ordered a presen-tence investigation report (the “PSI”).
IsReynolds appeared for sentencing on November 5, 2013. The trial court reviewed the PSI and noted that Reynolds was a fourth-felony offender based on his prior convictions for simple burglary, accessory after the fact to simple burglary, and indecent behavior with a juvenile. The trial court stated that there were numerous aggravating factors, but no mitigating factors. For possession of a firearm by a convicted felon, the trial court sentenced Reynolds to 12 years at hard labor without the benefit of parole, probation, or suspension of sentence. For armed robbery, Reynolds was sentenced to 12 years at hard labor without the benefit of parole, probation, or suspension of sentence. For felony theft, the trial court sentenced the defendant to five years at hard labor. The sentences were ordered to be served concurrently. Also, the trial court recommended that Reynolds be housed at a facility where he can receive vocational training and/or substance abuse evaluation and training.
Thereafter, the trial court granted Reynold’s pro se motion for appeal, and the Louisiana Appellate Project was appointed to represent him. Reynolds’ appellate counsel has filed a motion to withdraw, together with an Anders brief, which alleges that she could find no nonfrivolous issues to raise on appeal. See Anders, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the agreement under which the defendant’s guilty plea was entered. The brief also contains “a detailed and reviewable assessment for both the defendant |4and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. Defense counsel further verified that he mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra. The state did not file an appellate brief.
On April 14, 2014, this court issued an order holding the motion to withdraw in abeyance, rescinding the pro se briefing deadline, and notifying the defendant that he could file a brief in this appeal within 30 days of the date of the order and file a request to view the appellate record within 10 days of the date of the order. Reynolds was further advised that if no brief was timely filed, the appellate record would be reviewed only for error patent. The defendant did not request the appellate record or file a pro se brief.
Discussion
A review of the record disclosed no nonfrivolous issues and no rulings which arguably support an appeal. The *474 record shows that prior to entering his guilty plea, Reynolds was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty. Appellate counsel’s brief, containing no assignments of error, conforms with the procedures set forth in Anders, supra, and Jyles, supra. The appellate brief reviewed the procedural history of the case and stated that after a thorough review of all the pleadings filed in the trial court, the court proceedings, and all transcripts contained in the record, no nonfrivolous issues could be advanced for appellate review. Appellate counsel particularly and correctly | .^pointed out that Reynolds was sentenced in accordance with his plea agreement and that under La.C.Cr.P. art. 881.2(A)(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Counsel pointed out that the benefit Reynolds received from his plea bargain coupled with the great discretion of the sentencing court renders meritless any claim of constitutional excessiveness. Counsel also verified sending a copy of the appellate brief and the motion to withdraw to Reynolds.
ERRORS Patent
The error patent review of the appellate record revealed an error patent regarding the defendant’s sentence. For Reynolds’ conviction for possession of a firearm by a convicted felon, the trial court failed to impose the mandatory fine of not less than $1,000.00, nor more than $5,000.00 as required by La. R.S. 14:95.1(B). Accordingly, the defendant’s sentence is illegally lenient. Louisiana C.Cr.P. art. 882(A) provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, this court is not required to take such action. State v. Jamerson, 43,822 (La.App.2d Cir.01/14/09), 1 So.3d 827; State v. Griffin, 41,946 (La.App.2d Cir.05/02/07), 956 So.2d 199. The state did not object to the error, and Reynolds obviously is not prejudiced by the trial court’s failure to impose the mandatory fine. Accordingly, we decline to remand the case for correction of the sentence to include such a fine.
' [4] | (¡Further, the transcript from the Boykin hearing reflects that Reynolds pled guilty to armed robbery without the firearm. Likewise, the sentencing hearing refers only to his conviction for armed robbery. However, the Uniform Commitment Order indicates that Reynolds pled guilty to armed robbery by use of a firearm and the court minutes indicate that he pled guilty “as charged.” When the transcript and court minutes conflict, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Wilson, 46,340 (La.App.2d Cir.05/18/11), 69 So.3d 598. Accordingly, we order the trial court to correct the court minutes and commitment order to accurately reflect that Reynolds pled guilty and was convicted of armed robbery (La. R.S. 14:64) rather than with armed robbery by use of a firearm (La. R.S. 14:64.3).
Conclusion
For the foregoing reasons, the motion to withdraw is granted and Graylon Jerrell Reynolds’ conviction and sentence are affirmed.
AFFIRMED.

. The trial court did not mention the firearm enhancement provision under La. R.S. 14:64.3 at either the guilty plea or sentencing hearing, and therefore, it appears that Reynolds pled guilty to armed robbery without the firearm enhancement.