GARRETT, J.
*575 The defendant, James Pittman, was convicted of two counts of molestation of a juvenile, in violation of La. R.S. 14:81.2. On each count, he was sentenced to 50 years at hard labor, with the first 25 years to be served without benefit of parole, probation, or suspension of sentence. The trial court ordered that the sentences be served concurrently. The defendant appeals his sentences as excessive. We affirm the defendant's convictions and sentences. However, we remand the matter to the trial court for compliance with the sex offender notification requirements.
FACTS
The defendant was convicted of molesting two young female relatives, his stepdaughter and a niece.
In September 2015, a forensic interviewer for the Gingerbread House, a children's advocacy center, interviewed the defendant's stepdaughter, daughter and son.[1] His stepdaughter, age 12, stated that her mother tried to make her have sex and do other sexual things with the defendant while her mother watched, and that her mother told her, if she did not do something right, she would have the defendant cut her throat. The defendant made the same threat to the girl. The stepdaughter stated that the defendant got on top of her, pulled her clothes off, tried to put his penis in her mouth, and touched her all over her body with his penis and his hands. She indicated that similar incidents occurred four to five times when she was between 10 and 11 years old. She also stated that on one occasion, the defendant and her maternal grandfather were sexually touching her and trying to have sex with her at the same time.
In October 2015, the seven-year-old niece of the defendant's wife became extremely upset when she and her mother took their dog to a breeder. The child cried hysterically, saying that she didn't want the dog to be hurt like she was. The child then told her mother that the defendant had put his fingers in her. When the child was interviewed by a forensic interviewer for the children's advocacy center at Project Celebration, she revealed that the defendant had put his fingers in her "tee tee," and that his wife, the child's aunt, had told him to stop.
The defendant was arrested and charged with two counts of molestation of a juvenile. At trial, the state presented the testimony of the two forensic interviewers, and the videotaped interviews of the stepdaughter and the niece were introduced into evidence without objection.[2] The stepdaughter's two younger siblings testified. Both of the siblings stated that they observed the defendant acting in a sexual manner toward the stepdaughter. One sibling said she saw him sexually touch the stepdaughter, and the other sibling testified that he had witnessed the defendant "humping" the stepdaughter with their clothes on. The siblings also testified that their mother was present at some of the *576 incidents, but she did nothing to protect the stepdaughter.
Also testifying for the prosecution were the niece's mother, who described the events surrounding her daughter's revelation of the sexual abuse, and a sexual assault nurse examiner ("SANE"), who dispelled various myths about sexual assault. Finally, the defendant's wife testified. She corroborated her daughter's and her niece's accounts of sexual abuse by the defendant and admitted her own role in it. She blamed her actions on her substantial history of abusing drugs, particularly methamphetamines. She verified that she had pled guilty to a charge of molestation of a juvenile for her role in the abuse and was serving a nine-year prison sentence.
The defendant testified on his own behalf, generally denying all allegations of sexual abuse and accusing the state's witnesses, including his own wife, of lying. He was questioned about his five felony convictions, which involved stealing and drugs. The defense also presented the testimony of the defendant's former girlfriend, who testified that the defendant had been "great" with her children during their relationship and that she could not "wrap her brain" around the accusations of the defendant harming the child victims.
A jury convicted the defendant as charged on both counts. The trial court ordered a presentence investigation ("PSI") report. The trial court subsequently sentenced the 41-year-old defendant to 50 years at hard labor, with the first 25 years to be served without the benefit of parole, probation, or suspension of sentence, on each count. The sentences were imposed concurrently. No motion to reconsider sentence was filed. This appeal followed.
LAW
Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the district court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1. However, when a defendant fails to file a motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. State v. Mims , 619 So.2d 1059 (La. 1993) ; State v. Bailey , 50,097 (La. App. 2 Cir. 9/30/15), 180 So.3d 442 ; State v. Osborne , 48,662 (La. App. 2 Cir. 1/15/14), 130 So.3d 1012. See also La. C. Cr. P. art. 881.1(E), which precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato , 603 So.2d 739 (La. 1992) ; State v. Davis , 50,149 (La. App. 2 Cir. 11/18/15), 181 So.3d 200 ; State v. Scott , 50,920 (La. App. 2 Cir. 11/16/16), 209 So.3d 248, writ denied , 17-0353 (La. 11/13/17), 229 So.3d 478.
A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver , 01-0467 (La. 1/15/02), 805 So.2d 166 ; State v. Scott , supra .
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion.
*577 State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Diaz , 46,750 (La. App. 2 Cir. 12/14/11), 81 So.3d 228 ; State v. Scott , supra .
La. R.S. 14:81.2(D)(1) provides that a person convicted of molestation of a juvenile when the victim is under the age of 13 shall be imprisoned at hard labor for not less than 25 years, nor more than 99 years. At least 25 years of the sentence imposed shall be served without the benefit of parole, probation, or suspension of sentence.
DISCUSSION
The trial court did not abuse its discretion by imposing concurrent 50-year sentences upon this defendant. Because the defendant failed to file a motion to reconsider sentence, review of his sentences is limited to a bare claim of constitutional excessiveness under State v. Mims , supra . Nevertheless, the record shows that the trial court adequately complied with La. C. Cr. P. art. 894.1, and considered the appropriate factors in determining the defendant's sentences.
At the sentencing hearing, the trial court noted its review of the detailed PSI report and observed that the defendant has led a "troubled and dysfunctional life," which had deteriorated to the level of him committing sexual acts upon his stepdaughter and his niece. The trial court stated that the defendant's wife contributed to these crimes and noted the extensive use of drugs by the defendant and his wife. The trial court noted the "troubling facts" of this case and stated that it could not measure the amount of harm done to these children by the defendant's actions. The defendant showed no remorse and submitted a letter denying responsibility for these offenses. Further, the trial court observed that the defendant was a fifth-felony offender and that his criminal record showed 21 arrests, not all of which resulted in convictions.[3]
The defendant's midrange sentences are not constitutionally excessive. He abused his position of trust and authority to molest his 10-year-old stepdaughter and his 7-year-old niece while his wife watched. Given the defendant's deplorable conduct, the concurrent 50-year sentences imposed by the trial court do not shock the sense of justice, nor are they grossly disproportionate to the severity of the offenses.
This assignment of error is without merit.
ERROR PATENT
A review of the record reveals that the trial court did not properly inform the defendant of the mandatory sex offender registration and notification requirements set forth in La. R.S. 15:540 et seq. Molestation of a juvenile is defined as a sex offense under La. R.S. 15:541. La. R.S. 15:543 requires that the trial court notify a defendant convicted of a sex offense, in writing (see La. R.S. 15:543.1 ), of the registration and notification requirements and that an entry be made in the court minutes, stating that the written notification was provided to the defendant.
Although the trial court verbally advised the defendant at sentencing that he would have to register as a sex offender if he was ever released, the record does not indicate that the defendant was provided with written notification of the sex offender requirements. Accordingly, we are constrained by our law to remand this matter to the trial court for the purpose of providing the appropriate written notice to the defendant *578 of the sex offender registration requirements and for the filing of written proof of such notice into the record of the proceedings. State v. Wilson , 50,418 (La. App. 2 Cir. 4/6/16), 189 So.3d 513, writ denied , 16-0793 (La. 4/13/17), 218 So.3d 629 ; State v. Bass , 51,411 (La. App. 2 Cir. 6/21/17), 223 So.3d 1242.
CONCLUSION
The defendant's convictions and sentences are affirmed. The case is remanded for compliance with sex offender notification requirements.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.

The record indicates that these three children were removed from the care of their mother and the defendant in March 2014 and placed in the custody of a relative.

Pursuant to La. R.S. 15:440.5, both the stepdaughter and the niece were present and available to testify. However, the defense chose to cross-examine only the stepdaughter.

According to the PSI report, the defendant has convictions for forgery, issuing worthless checks, possession of a Schedule II CDS, simple battery, simple escape, public drunk, and driving under suspension.