Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,949-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

versus

KENNETH PAUL FORD                                     Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 17F0438

Honorable Clarence Wendell Manning, Judge

* * * * *

LOUISIANA APPELLATE PROJECT                  Counsel for Appellant
By: Douglas Lee Harville

ROBERT STEPHEN TEW                           Counsel for Appellee
District Attorney

MICHAEL J. FONTENOT
Assistant District Attorney

* * * * *

Before WILLIAMS, MOORE, and COX, JJ.

**COX, J.**

This criminal appeal arises from the Fourth Judicial District Court, Ouachita Parish, Louisiana. Kenneth Paul Ford was convicted of two counts of simple burglary and was sentenced to 12 years' imprisonment at hard labor for both convictions. The sentences were ordered to be served concurrently. Ford now appeals his sentences. For the following reasons, we affirm his convictions and sentences.

**FACTS**

On April 4, 2017, Ford was charged by bill of information with two counts of simple burglary. The bill alleged that these crimes occurred on February 11, 2017. The bill further alleged that the burglaries were of a 2012 GMC Sierra and a 2003 Ford F350. The trial commenced on August 16, 2017. Evidence at trial showed that on February 11, 2017, Ford was seen on the property of Car Zone USA (hereinafter referred to as "Car Zone").

According to the testimony of Dewayne Dillard, an employee of Car Zone, at around 6:00 p.m. on February 11, 2017, Ford met Dillard at Car Zone. After the meeting, Dillard noticed Ford pumping gas at a gas station next door to Car Zone. Robert Fuller, the owner of Car Zone, testified that he received a phone call later that evening about suspicious activity on his property. When Fuller arrived on the property, he saw a truck that did not belong to Car Zone parked between his property and the adjacent gas station. The truck's hood was up, and there was an ATV in the back of the truck. Fuller discovered that a 2012 GMC Sierra owned by Car Zone had been vandalized. All four doors of the vehicle were open and the trim was ripped out. Inside the vehicle, Fuller found a pack of cigarettes, a screwdriver on

the backseat floorboard, and a cellphone on the backseat. Fuller walked around the property and located two additional vehicles: a Chevrolet Suburban and a Ford Expedition. Each of these vehicles had their back hatches open, doors open, and the lights on inside. According to Mr. Fuller, a Ford F350 also had its radio "popped out of it and the wires and stuff hanging and the radio was on the floor." Fuller found Ford inside a black Lincoln Navigator, with the doors closed. Ford informed Fuller that his vehicle had broken down and he was waiting on parts for his vehicle. However, when pressed, Ford could not identify who he had called for the parts. Dillard testified that sometime thereafter he returned to the property. Dillard also saw the cellphone on the backseat of the GMC Sierra. Dillard, who had Ford's cellphone number, used his phone to dial Ford's phone number and the phone on the seat rang.

While still surveying the lot, Fuller called the police. When the police arrived, Fuller and the officers viewed the surveillance footage. The footage showed Ford near the vehicles with the hatches open. The footage did not show Ford enter the 2003 Ford F350, but this vehicle was located directly behind the vehicles with the open hatches.

Fuller testified that the person he observed on February 11, 2017, was the same person he observed on the video surveillance footage, and the same person he saw in open court. At the conclusion of the trial, Ford was found guilty as charged on two counts of simple burglary.

On December 18, 2017, Ford was sentenced pursuant to a pre-sentence investigation report. In accordance with La. C. Cr. P. art 894.1, the trial court found that the present offenses were Ford's third felony conviction. The trial court considered Ford's criminal history and noted that

2

he had previously been convicted of three counts of illegal possession of stolen things in two separate incidents, both of which resulted in probation revocations. The trial court also noted that Ford has prior misdemeanor convictions for issuing worthless checks, failure to pay child support, careless operation of a vehicle, failure to report an accident, and theft. All but one of the misdemeanor convictions resulted in probation revocations or unsatisfactory terminations. The trial court noted that on the date of sentencing, Ford had outstanding bench warrants for illegal possession of stolen things, aggravated assault, domestic abuse battery, and theft of utility services. The trial court recited the facts of the case and found, as aggravating factors, that there was an undue risk that Ford would commit another crime during any period of a suspended sentence or probation; that Ford is in need of correctional treatment or a custodial environment that could be provided most effectively by a commitment to an institution; and, that any lesser sentence would deprecate the seriousness of the offense.

Pursuant to the pre-sentence investigation report, the trial court considered Ford's social history. The trial court noted that Ford graduated from high school in 1989, obtained an associate's degree in mechanical science, and completed a program in automotive technology. Additionally, the trial court stated that Ford has maintained employment. The trial court also noted that Ford has abused drugs in the past and restitution was not requested by the victim. In further aggravation, the trial court pointed out that Ford's criminal history revealed that he committed crimes for economic gain although he had the ability to earn income. Ford was then sentenced to concurrent sentences of 12 years at hard labor. Trial counsel filed an untimely motion to reconsider sentence, where he argued that Ford's

3

sentence was unduly harsh.  The trial court denied Ford's motion. This

appeal ensued.

**DISCUSSION**

*Excessive Sentence*

Ford argues that the trial court erred by imposing an

unconstitutionally harsh sentence.  Ford argues that his 12-year maximum

sentence is excessive.  Given that he suffers from a drug addiction and that

many of his crimes are related to his addiction, Ford contends that the

sentence, which was made without comment from him or his attorney, fails

to provide him a reasonable opportunity to seek treatment for his drug

addiction and to re-enter society as a productive member.  Additionally,

Ford contends that he is not the worst of offenders and as such, the

maximum sentence is excessive.

In response, the State asserts that the trial court took into account the

entirety of Ford's criminal history, and as this was his third felony

conviction, the sentence was warranted.  The State notes that Ford could

have been charged with up to six counts of simple burglary but was only

charged with two.  The State argues that the trial court gave Ford concurrent

sentences instead of consecutive.  Thus, Ford could have received more jail

time.

When a defendant fails to file a motion to reconsider sentence in the

trial court, appellate review is limited to an analysis of the sentence for

constitutional excessiveness.  *State v. Mims*, 619 So. 2d 1059 (La.

1993); *State v. Jones*, 52,672 (La. App. 2 Cir. 5/22/19), 273 So. 3d 585.  La.

C. Cr. P. art. 881.1(E) precludes a defendant from presenting sentencing

4

arguments to the court of appeal which were not presented to the trial court.  *State v. Pittman*, 52,027 (La. App. 2 Cir. 4/11/18), 248 So. 3d 573.

Constitutional review is decided upon whether a sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice.  *State v. Lobato*, 603 So. 2d 739 (La. 1992); *State v. Jones*, *supra*.  A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering.  *State v. Dorthey*, 623 So. 2d 12796 (La. 1993); *State v. Jones*, *supra*.  A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.  *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Jones*, *supra; State v. Little*, 50,776 (La. App. 2 Cir. 8/10/16), 200 So. 3d 400, *writ denied*, 16-1664 (La. 6/16/17), 219 So. 3d 341.

Whoever commits the crime of simple burglary shall be fined not more than $2,000, imprisoned with or without hard labor for not more than 12 years, or both.  La. R.S. 14:62.

The trial court did not err when sentencing Ford to 12 years at hard labor on each count.  As stated earlier, the trial court found that this was Ford's third felony conviction.  Ford had an extensive criminal history that included convictions for issuing worthless checks, failure to pay child support, careless operation of a vehicle, failure to report an accident, and theft.  Most of these offenses resulted in a probation revocation.  At the time of trial, Ford had bench warrants out for illegal possession of stolen things, aggravated assault, domestic abuse battery, and theft of utility services. While it was true that Ford had a substance abuse problem, he had graduated

from high school, received an associate's degree, and retained employment throughout most of his criminal history. The trial court made note of the fact that Ford's crimes were done for economic gain, even though he was employed. This indicated an undue risk for future criminal activity. As such, the trial court's sentence was not excessive. In fact, Ford's sentence could have been more severe. Ford received a conviction on two counts of simple burglary. The trial court sentenced him to 12 years' imprisonment for each conviction. The sentences were to run concurrently. It was within the trial court's discretion to require these sentences to run consecutively. By not ordering the sentences to run consecutively, the trial court showed restraint in its sentencing of Ford.

We find that Ford's sentence is not constitutionally excessive. Given his lengthy criminal history, the sentence does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, Kenneth Ford's convictions and sentences are affirmed.

**AFFIRMED.**