Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,285-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA       Appellee

versus

DANA COMBS        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 346,592

Honorable Ramona Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT   Counsel for Appellant
By: Douglas Lee Harville

JAMES E. STEWART, SR.     Counsel for Appellee
District Attorney

JOSHUA K. WILLIAMS
CHARLES K. PARR
Assistant District Attorneys

* * * * *

Before MOORE, PITMAN, and STEPHENS, JJ.

**MOORE, J.**

The defendant, Dana Combs, was charged by bill of information with attempted second degree murder and possession of a firearm or carrying a concealed weapon by a convicted felon, having previously been convicted of simple robbery. After the preliminary examination where the court found no probable cause for the attempted second degree murder charge, the state amended the bill of information to charge only possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. A jury unanimously convicted Combs as charged. The trial court sentenced Combs to 10 years at hard labor without the benefit of probation, parole, or suspension of sentence, and ordered the sentence to be served consecutively with any other sentence. Combs's motion to reconsider sentence was denied. Combs now appeals, urging that the trial court erred by imposing a harsh and excessive sentence.

**FACTS**

On January 29, 2017, Corporal Jesse Alexander of the Shreveport Police Department responded to a reported shooting at the La Tierra Apartments located at 6121 Tierra Drive in Shreveport. When he arrived at the complex, Cpl. Alexander found Jaldell Riley lying in the parking lot suffering from gunshot wounds to his leg and back.

The victim, Riley, testified at trial that he and Combs got into a verbal altercation, and Riley asked Combs if he wanted to fight. Combs declined, saying that Riley was too big. Combs left the scene and returned. Combs's mother stepped in between Combs and Riley to break it up. Combs then pulled out a gun. Riley ran and Combs began shooting. Riley was hit and fell to the ground. When Riley looked up, he saw Combs standing with a

gun in his hand. Riley testified that he did not have a weapon, say he had a weapon, or make any movements to suggest that he had a weapon.

Riley did not live in the La Tierra Apartments, and denied that he had followed Combs to a store on the day in question. He also denied that he threatened Combs by telling him, "this is my area," "these are my bricks," and "you better have your gun." He admitted that he is a convicted felon and was incarcerated at the time of trial.

Detective Logan McDonald of the Shreveport Police Department's homicide unit also responded to the shooting. He identified evidence from the crime scene at trial, and testified regarding video surveillance footage of the incident that he viewed. He said he observed Combs walk toward the victim, Riley, who was wearing a red jacket, exchange words with him, make hand gestures, and then Combs began shooting at Riley, chasing him around a vehicle while continuously firing. Det. McDonald testified that Combs's mother, Felecia Alexander, attempted to intervene.

The jury unanimously convicted Combs as charged.

Prior to sentencing, defense counsel made three filings seeking to raise certain mitigating circumstances for the court's consideration when imposing sentence. In the first, styled "Defendant's Statement on Sentencing," counsel asked the court to consider that Combs was only 21 years old and had only one prior felony conviction, for simple robbery. The victim, Riley, was older, taller, and heavier than Combs, and he had bullied and threatened him, thereby provoking him to the point that his actions were justified. Additionally, Combs's mother received so many threats after the incident that she feared retaliation if she testified. Conversely, Combs did not threaten any of the witnesses to the shooting.

2

Defense counsel then filed "Defendant's Supplement to His Statement on Sentencing," which stated that in December 2014, Combs and his mother were victims of a shooting in which their home and car were shot multiple times. Counsel argued that the prior shooting contributed to Combs's state of mind in the instant offense.

Finally, a third filing, styled "Defendant's Second Supplemental Statement on Sentencing," contained a police report of the earlier shooting, as well as one in which Combs's mother had reported that Riley planned to "shoot up her residence again or have one of his followers do it." Since the present offense, Combs's mother stated that she received so many threats that she was forced to change her residence twice. Counsel argued that these threats made after the present offense constituted "bullying, threatening, terrorizing, and possible witness intimidation and tampering."

At the conclusion of the sentencing hearing, the court sentenced Combs to 10 years at hard labor without the benefit of probation, parole, or suspension of sentence. The court ordered that there be no fine, no court costs, and no habitual offender classification. The sentence was ordered to be served consecutively with any other sentence. At the time of the instant offense, Combs was on parole for simple robbery.

Trial counsel filed a motion to reconsider sentence, where his sole objection was the court's order that the sentence be served consecutively to any other sentence, and he re-urged the mitigating factors outlined in defendant's statements on sentencing. The motion was denied, and this appeal followed.

3

## DISCUSSION

In his sole assignment of error, Combs alleges that the trial court erred by imposing an unconstitutionally harsh and excessive sentence in circumstances where Combs possessed the firearm only after Riley, a violent felon, claimed to be armed and threatened him and told him he had better shoot him if he had a gun.

Urging the same mitigating factors he submitted to the court prior to sentencing, Combs notes he was 21 years old at the time of the offense with only a single prior felony conviction. He maintains that Riley, a known criminal, provoked him and followed him home from a store. Physically, Riley is much larger than him, Combs argues, and he (Riley) acted like he was armed by putting his hands in his pockets. As a past victim of gun violence and recipient of threats, Combs had a heightened fear that Riley might harm him or his family. Also, Combs argues that the sentence imposed fails to contemplate or account for a reasonable combination of rehabilitation and punishment. Therefore, his sentence is excessive and should be reversed.

The state argues that Combs's arguments should not be considered as he objected only to the consecutive nature of the sentence in his motion to reconsider. The mitigating factors he now urges were presented to the trial court prior to sentencing. Furthermore, the state contends that the evidence showed that Combs was not provoked when he illegally possessed a firearm, and thus his self-defense argument is misplaced.

We review sentences for excessiveness by a two-step process. First, we review whether the district court complied with the sentencing guidelines of La. C. Cr. P. art. 894.1. Second, we review the sentence for constitutional

4

excessiveness. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Pittman*, 52,027 (La. App. 2 Cir. 4/11/18), 248 So. 3d 573; *State v. Bailey*, 50,097 (La. App. 2 Cir. 9/30/15), 180 So. 3d 442.

When a defendant files no motion to reconsider sentence, and then appeals the sentence, review of that sentence is limited to constitutional excessiveness. This same rule extends to the defendant's failure to include any specific ground on which a motion to reconsider sentence may be based, including a claim of excessiveness, and thus precludes the state or the defendant from urging any ground on appeal that was not raised in the motion to reconsider. La. C. Cr. P. art. 881.1(E).

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Davis*, 52,453 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1194. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596.

A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Davis, supra*; *Boehm, supra*.

The statutory sentencing range for Combs's conviction of possession of a firearm or carrying a concealed weapon by a convicted felon is

5

imprisonment at hard labor for not less than 10, nor more than 20 years, without the benefit of probation, parole, or suspension of sentence and a fine of not less than $1,000 nor more than $5,000. La. R.S. 14:95.1. Combs received the statutory minimum 10-year sentence; however, the court ordered that this sentence be served consecutively to any other sentence. Presumably, Combs must serve out his sentence for simple robbery for which he was paroled.

The record shows that Combs filed a timely motion to reconsider sentence, wherein his sole objection was the requirement that the sentence be served consecutively to any other sentence. Combs asked the court to make the sentence concurrent. The court denied the motion.

On appeal, counsel argues that the sentence of 10 years of imprisonment without benefits and to be served consecutively to any other sentence serves no purpose and is excessive. Because there was no objection or claim that the 10-year sentence was excessive or illegal in Combs's motion to reconsider, we consider in this appeal only whether the requirement that the sentence be served consecutive to any other sentence was excessive, and whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. La. C. Cr. P. art. 881(E); *Pittman*, *supra*; *State v. Lobato*, 603 So. 2d 739 (La. 1992); *State v. Davis*, 50,149 (La. App. 2 Cir. 11/18/15), 181 So. 3d 200; *State v. Scott*, 50,920 (La. App. 2 Cir. 11/16/16), 209 So. 3d 248, *writ denied*, 17-0353 (La. 11/13/17), 229 So. 3d 478.

The record reflects that the court adequately complied with La. C. Cr. P. art. 894.1. The court stated that it reviewed the sentencing guidelines of the article and found as aggravating factors that the instant offense involved

6

the use of a firearm, a dangerous weapon, while Combs was on parole at the time he committed the instant offense. As a mitigating factor, the court considered Combs's lack of significant prior criminal history.

As noted above, a sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. Such a sentence shocks one's sense of justice. In this case, the evidence showed that Combs engaged in a verbal dispute with an unarmed Jaldell Riley. He realized Riley was too big to fight, so he left the scene, but returned with a weapon and began shooting. When Riley attempted to flee, Combs chased him around a vehicle continuously firing and hitting Riley's leg and back. Combs's own mother tried to prevent the incident and encouraged Combs to turn himself in to authorities.

Combs argues that he was provoked and feared for his own safety. However, he left the scene and returned with a gun. He had other alternatives, but made the choice to shoot Riley, endangering not only him, but other bystanders as well, including his mother.

While Combs does not have an extensive criminal history, his only prior felony conviction is simple robbery, which is classified as a crime of violence, and for which he was on parole when he committed the instant offense. Combs received a benefit by not being charged as a habitual offender, decreasing his sentencing exposure. Moreover, his sentence is within statutory guidelines. He is not eligible for probation, parole, or suspension of sentence, and he received the minimum sentence under the statute. Consequently, Combs's sentence does not shock our sense of justice.

7

We conclude that the trial court did not abuse its discretion in imposing a 10-year hard labor sentence without the benefit of probation, parole, or suspension of sentence.

Additionally, we find no abuse of discretion by the trial court by ordering that the sentence be served consecutively to that for any other offense. La. C. Cr. P. art. 883 states that where a defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, his or her sentences shall be served concurrently unless the court expressly directs that some or all be served consecutively. In other situations, the code article directs that the sentences shall be served consecutively unless the court directs otherwise. In this instance, the two convictions, simple robbery and possession of a firearm by a felon, are of a different nature and occurred at different times under unrelated circumstances. The trial court was well within its discretion to order the instant sentence to run consecutively to any other sentence the defendant may serve.

Accordingly, the assignment of error is without merit.

Under the authority of La. C. Cr. P. art. 920 (2), we note that Combs's sentence is illegally lenient. The trial court failed to impose the mandatory fine of $1,000-$5,000. La. R.S. 14:95.1. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). However, this court is not required to take such action. Here, the state did not object to the error, Combs is not prejudiced by the omission of the mandatory fine, and he is indigent. Accordingly, under these circumstances, no correction of the

8

sentence to include such a fine is warranted. *State v. Reynolds*, 49,258 (La. App. 2 Cir. 10/1/14), 149 So. 3d 471.

## CONCLUSION

For the foregoing reasons, we affirm the defendant's conviction and sentence.

**AFFIRMED**.